NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROY ANDREWS,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-35529

D.C. No. 4:21-cv-05079-TOR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted July 14, 2023**
Seattle, Washington

Before:  GRABER, GOULD, and PAEZ, Circuit Judges.

Plaintiff Roy Andrews appeals from the judgment affirming an

administrative law judge's ("ALJ") decision denying Plaintiff's claim for social

security disability insurance benefits.  We review de novo the district court's

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

decision and may set aside the denial of benefits only for legal error or lack of substantial evidence. Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017). We affirm.

1. The ALJ provided clear and convincing reasons to discount the opinions of Dr. N.K. Marks and Dr. Holly Petaja.[1] See Farlow v. Kijakazi, 53 F.4th 485, 488 (9th Cir. 2022) ("To reject the uncontested opinion of an examining or treating doctor, an ALJ must provide 'clear and convincing' reasons supported by substantial evidence." (citation omitted)). A claimant is barred from receiving benefits if the claimant's drug addiction or alcoholism was "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); see generally 20 C.F.R. § 404.1535. Here, the record reflects that, although Plaintiff's providers noted numerous mental impairments, his alcohol use affected the severity of those impairments. Because, during the time of those evaluations, Plaintiff was either actively drinking or still suffering from the lingering effects of his alcohol use, substantial evidence supports the ALJ's conclusion that Dr. Marks and Dr. Petaja could not have reasonably opined about Plaintiff's condition in the absence of alcohol. See SSR 13-2p, 2013 WL 621536, at *12, as corrected, SSR 13-2p, 2013 WL 1221979 (March 22, 2013)

---

[1] For claims filed on or after March 27, 2017, the Social Security Administration has changed the regulations that govern the evaluation of medical evidence. 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before that change took effect.

2

(stating that the effects of substance use can "take months or even longer to subside" and that, when identifying a period of abstinence, "the claimant should be abstinent long enough to allow the acute effects of drug or alcohol use to abate").

2. The ALJ also provided germane reasons to discount the opinions of Advanced Registered Nurse Practitioner ("ARNP") Deborah Rogers and Counselor Adriana Lozano. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (holding that an ALJ may discount testimony from "other sources" if the ALJ "gives reasons germane to each witness for doing so" (citation and internal quotation marks omitted)), superseded on other grounds by 20 C.F.R. § 404.1502(a). Substantial evidence supports the ALJ's decision because those opinions, like the opinions of Dr. Marks and Dr. Petaja, fail to reflect Plaintiff's functioning during a period of sustained sobriety.

The ALJ also properly rejected ARNP Rogers' 2016 opinion, for an additional reason. Although ARNP Rogers assigned Plaintiff primarily physical functional limitations, she pointed nearly exclusively to mental impairments as the basis for those limitations. Plaintiff himself did not allege significant physical limitations, either at the hearing or in his function report.

3. The ALJ did not fail to meet his duty to develop the record. Neither the district court's remand order,[2] nor any factual gap or ambiguity in the record, required the ALJ to develop the record any further. Indeed, post-remand, the record in this case contains a detailed account of Plaintiff's testimony; function reports; and treatment records, both during and after Plaintiff's period of substance abuse. See Ford v. Saul, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Given that the ALJ had years of [Plaintiff's] mental health records and multiple opinions from non-examining psychiatrists to inform her decision, this duty [to further develop the record] was not triggered.").

For those same reasons, we also reject Plaintiff's argument that he was denied due process when the ALJ declined to order a psychological examination and cancelled the testimony of a psychological expert. Plaintiff had two hearings before the ALJ and had the opportunity to submit evidence at each. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (citation and internal quotation marks omitted)).

---

[2] The district court's prior remand order held that Plaintiff "should be afforded an opportunity to supplement the medical evidence to address his contention that his physical and mental impairments would exist independent of any substance abuse." The court ordered the ALJ to "develop the record as necessary." (Emphasis added.)

4. The ALJ provided clear and convincing reasons to discount Plaintiff's subjective symptom testimony. When there is no evidence of malingering, an ALJ may "reject [a] claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." Smith v. Kijakazi, 14 F.4th 1108, 1112 (9th Cir. 2021) (citation and internal quotation marks omitted). In considering Plaintiff's limitations in the absence of substance abuse, Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007), the ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms to be inconsistent with other evidence in the record, which showed improvement during periods of sobriety. The ALJ also reasonably discounted that testimony because it was inconsistent with Plaintiff's daily activities, which reflected an ability to complete tasks, care for himself, and function normally in public. See Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (noting that, in assessing credibility, an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). Although Plaintiff claimed that his anxiety is so severe that he is unable to leave his room about half the time, the record shows that he buys and sells coins at a thrift store, goes to his family's home for holidays, rides his bike, runs errands for his daughter, swims in the motel pool, and gets breakfast at the motel every day. In light of that evidence, the ALJ's credibility finding is supported by substantial evidence.

5. Substantial evidence also supports the ALJ's conclusion that, at step three of the sequential process, Plaintiff's medically determinable impairments were not per se disabling under the Commissioner's Listing of Impairments. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Listed impairments are purposefully set at a high level of severity because "the [L]istings were designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990), superseded by statute on other grounds as stated in Kennedy v. Colvin, 738 F.3d 1172, 1174 (9th Cir. 2013). The ALJ properly concluded that, including Plaintiff's substance use, Plaintiff met Listings 12.04 (depression), 12.06 (anxiety), and 12.11 (neurodevelopmental disorder). But when the effects of Plaintiff's alcohol use were excluded, he did not meet those Listings because his limitations were, at most, moderate in nature. See 20 C.F.R. Part 404, Subpt. P, App. 1, 12.00(A)(2)(b) (stating that a claimant's mental disorder renders him disabled if it "result[s] in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning").

6. Plaintiff also argues that the ALJ erred at step five of the sequential process by relying on vocational expert testimony in response to an incomplete hypothetical. But the success of that argument depends on the argument that the ALJ improperly rejected limitations assessed by various sources and asserted by Plaintiff himself. As explained above, those arguments are unpersuasive.

**AFFIRMED.**